IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SANDY CALLERY, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>SUMMIT FAMILY RESTAURANTS , INC., and THE UNITED STATES LIFE INSURANCE COMPANY IN THE CITY OF NEW YORK,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT US LIFE'S MOTION TO DISMISS<br><br><br><br>Case No. 2:03-CV-211 TS |

The doctrine of *res judicata* precludes parties from relitigating issues that were or could have been raised in a prior action that reached a final judgment on the merits. Defendant United States Life Insurance Company in the City of New York ("US Life") was a defendant in a prior case brought by Plaintiff and moves to dismiss the present action under the doctrine of *res judicata*. The Court finds that the prior action was a judgment on the merits and that the claims brought against US Life in this action arise from the same cause of action as the claims in the first action. The Court, therefore, grants US Life's Motion to Dismiss.

1

I.  BACKGROUND

Plaintiff, Sandy Callery, was an employee of Defendant Summit Family Restaurants (Summit) and was offered various employee benefits as an employee.  In 1994, employees of Summit were offered the opportunity to purchase life insurance for themselves, their spouses, or their children through US Life.  Plaintiff elected to purchase a life insurance policy in the amount of $100,000 on John Callery, who was her husband at the time.  A policy issued shortly after receiving Plaintiff's application.

Plaintiff and John Callery were subsequently divorced in August of 1997.  On February 28, 2000, John Callery died and Plaintiff sent US Life a claim for the life insurance proceeds.  US Life denied the claim, stating that the terms of the policy stipulated that insurance coverage on a spouse would terminate in the event the employee and spouse divorced. On May 31, 2002, Plaintiff brought two federal claims[1] against US Life and other defendants arising from US Life's denial of coverage of John Callery ("*Callery I*").[2]

The *Callery I* court granted a motion dismissing the case as to one of the defendants, Star Buffet, Inc. ("Star Buffet Order").[3]  Subsequently, Plaintiff entered into a stipulation and joint motion with US Life and the remaining defendants for dismissal *without* prejudice of *Callery I*.  The *Callery*

---

[1]In *Callery I*, the first cause of action claimed a violation of ERISA, 29 U.S.C. § 1021, and the second cause of action claimed breach of fiduciary duty as a plan administrator in violation of 29 U.S.C. § 1104.  *Complaint* 4-5 (Docket No. 1 in Civil No. 2:02-CV-524 TC). It was undisputed in *Callery I* that, under the Policy, John Callery's eligibility for coverage terminated upon Plaintiff's divorce from him.  *Memorandum of Points and Authorities In Support of US Life's Motion to Dismiss* 3 (Docket No. 37 in Civil No. 2:03-CV-211 TS).

[2]Civil No. 2:02-CV-524 TC.

[3]*Id.* at Docket No. 14.

*I* court granted the joint motion.[4] Plaintiff then sought to appeal the Star Buffet Order. The Tenth Circuit refused the appeal for lack of jurisdiction on the grounds that the dismissal of Plaintiff's claims without prejudice was not effective to make the Star Buffet Order final and appealable.[5]

In order to allow the Tenth Circuit to accept jurisdiction over an appeal of the Star Buffet Order, Plaintiff sought to have the *Callery I* complaint dismissed *with* prejudice. Plaintiff and US Life stipulated to dismiss the *Callery I* complaint *with* prejudice, but agreed that if the Star Buffet Order was reversed on appeal, Plaintiff could refile or "reinstate" the claims against US Life. The Star Buffet Order was affirmed by the Tenth Circuit[6] and the United States Supreme Court denied Plaintiff's petition for a writ of *certiorari*.[7]

Plaintiff initiated the present action (*Callery II*) on February 27, 2003, after entry of the Star Buffet Order, but before dismissal of the claims in *Callery I*, either with[8] or without[9] prejudice. In this action, Plaintiff brings a claim[10] against Defendant U.S. Life Insurance Co. alleging she is entitled to payment of $100,000 on the life of her ex-husband under Utah state law regulating the

---

[4]*Id.* at Docket No. 18.

[5]*Id.* at Docket No. 24.

[6]*Callery v. U.S. Life Ins. Co. in City of New York*, 392 F.3d 401 (10th Cir. 2004).

[7]*Callery v. U.S. Life Ins. Co. in City of New York*, 126 S.Ct. 333 (2005).

[8]*Callery I* claims were dismissed *without* prejudice on April 8, 2003, *Id.*

[9]*Callery I* claims were dismissed *with* prejudice on September 16, 2003, *Id.* at Docket No. 26.

[10]Plaintiff brings two other federal claims in the same suit against Summit Family Restaurants, Inc., the same claims alleged in a prior suit against different defendants. *See infra* note 2. These claims are not before the Court in the current action.

business of insurance. She alleges that the terms of her group life insurance policy, in place before her divorce from her husband, granted her a conversion option to obtain an individual policy on her ex-husband's life upon divorcing him and that she exercised that option by continuing to pay the premiums on the policy up to the date of her ex-husband's death.

Defendant US Life has moved the Court to dismiss the state law claim under the doctrine of *res judicata*, asserting that the cause of action was forfeited when it was not raised by Plaintiff against US Life in *Callery I*.

## II. MOTIONS BEFORE THE COURT

As a preliminary matter, the Court takes judicial notice of the pleadings, orders, and facts from *Callery I*. Therefore, because this case is decided on undisputed facts, the Court need not convert the motion to a motion under Fed. R. Civ. P. 56.

The Tenth Circuit has stated that "[u]nder *res judicata*, 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'"[11] *Res judicata*, or claim preclusion, "bars both claims that were actually litigated and those that were or could have been raised in the first action."[12] Claim preclusion requires that three elements be satisfied: "(1) a judgment on the merits in the prior action; (2) identity of the parties or their privies in both suits; and (3) identity of the cause of

---

[11] *Sil-Flo, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1520 (10th Cir. 1990) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)).

[12] *Id.* (citing *Blonder-Tongue Laboratories, Inc. v. University of Ill. Found.*, 402 U.S. 313, 323-24 (1971)).

action in both suits."[13]  A fourth element is sometimes articulated, and has been raised by US Life–that "the plaintiff must have had a full and fair opportunity to litigate the claim in the prior suit."[14]  However, the Tenth Circuit has more recently interpreted this element "as an exception to the application of claim preclusion when the three referenced requirements are otherwise present."[15]  Courts have also recognized an additional exception to claim preclusion where the parties "expressly reserve in a consent judgment the right to relitigate some or all issues that would have otherwise been barred between the same parties."[16]

Closely related to *res judicata*, yet distinct in scope and application, is the doctrine of collateral estoppel, also known as issue preclusion.  "Under collateral estoppel, 'once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case.'"[17]  Plaintiff's argument confuses *res judicata* (claim preclusion) with collateral estoppel (issue preclusion).  Applying the test to the facts, it is apparent that Plaintiff now asserts a claim that clearly could have, and should have, been raised in the prior action and therefore must be barred in the present action.

---

[13] *Yapp v. Excel Corp.*, 186 F.3d 1222, 1226 (10th Cir. 1999).

[14] *Nwosun v. General Mills Restaurants, Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997).

[15] *Yapp*, 186 F.3d at 1226 n.4.

[16] *Epic Metals Corp. v. H.H. Robertson Co.*, 870 F.2d 1574, 1576 (Fed. Cir. 1989); *see also Keith v. Aldridge*, 900 F.2d 736, 740 (4th Cir. 1990) ("The law does recognize an exception to the normal application of claim preclusion principles when the parties have agreed to the splitting of a single claim."); Restatement (Second) of Judgments § 26 (1982).

[17] *Sil-Flo*, 917 F.2d at 1520 (quoting *Allen*, 449 U.S. at 94).

The first requirement for claim preclusion is met where *Callery I* reached final judgment on the merits. The Tenth Circuit has stated that "a voluntary dismissal with prejudice upon an order of the court, based on [a] settlement agreement . . . should be considered a judgment on the merits [and] is *res judicata* - barring a later lawsuit on the same transaction or occurrence."[18] The claims against US Life in *Callery I* were initially dismissed without prejudice. However, in seeking to appeal the Star Buffet Order, Plaintiff stipulated to the condition that those same claims would be forever dismissed with prejudice if her appeal was not successful. The appeal was unsuccessful, so the claims remain dismissed with prejudice. Plaintiff mistakenly argues that there was not final adjudication on the issue of whether the conversion option was exercised. The question with regard to whether the first element of the test is met is not whether the present claim was already adjudicated, but rather whether the prior action relied upon for purposes of *res judicata* has reached finality. Furthermore, the parties do not dispute that the claims of the prior action have been finalized.

The second element is met where the parties in the present action were also parties in *Callery I*. Sandy Callery, as the plaintiff in *Callery I*, brought two federal claims against multiple defendants, including US Life, and now seeks in *Callery II* to bring another claim against US Life.

The third element is met where the *Callery II* claims are based on the same cause of action as the *Callery I* claims. The Tenth Circuit has stated:

---

[18]*Brooks v. Barbour Energy Corp.*, 804 F.2d 1144, 1146 (10th Cir. 1986) (citations omitted); *Bergeson v. Life Ins. Corp. of America*, 265 F.2d 227 (10th Cir. 1959).

> The third element requires that the suits be based on the same cause of action. This circuit embraces the transactional approach to the definition of "cause of action." Under this approach, a cause of action includes all claims or legal theories of recovery that arise from the same transaction, event, or occurrence. All claims arising out of the transaction must therefore be presented in one suit or be barred from subsequent litigation.[19]

Here, the claims of *Callery I* and the claims of *Callery II* arise out of Plaintiff's purchase of the policy, the expiration of the policy upon Plaintiff's divorce from her husband, and the denial of coverage upon the death of Plaintiff's ex-husband. The same transaction, events, or occurrences are at issue in both cases. Plaintiff incorrectly asserts that this element has not been met, claiming that the "cause of action asserted by Callery in the present case was not presented as part of the causes of action in *Callery I*." Plaintiff's argument confuses the term "cause of action," used synonymously for claim, with the "cause of action" articulated by the Tenth Circuit for purposes of *res judicata* as a transaction, event, or occurrence.

With the three requirements for application of claim preclusion met, consideration is given to whether Plaintiff had "a full and fair opportunity to litigate the claim in the prior suit."[20] The Tenth Circuit stated that:

> a failure of this type is evidenced by a deficiency that would undermine the fundamental fairness of the original proceedings. The fairness of the process is determined by examining any procedural limitations, the party's incentive to fully litigate the claim, and whether effective litigation was limited by the nature or relationship of the parties.[21]

---

[19]*Nwosun*, 124 F.3d at 1257 (internal quotation marks and citations omitted). *See also Yapp*, 186 F.3d at 1227.

[20]*Nwosun*, 124 F.3d at 1257.

[21]*Id.* (internal quotation marks and citations omitted).

Two facts bear on the Court finding that this exception does not apply in this case. First, Plaintiff agreed to dismiss the claims of the prior suit with prejudice. Second, the state law claim was not raised initially in *Callery I*. Although the parties stipulated, in the tolling agreement, that the claims could be reinstated if the appeal was successful, this language merely implies reinstatement of claims already raised. It does not imply that the intent of the parties was that new claims could be raised. Had the claim been raised initially, there could be a question whether it was fully litigated. However, the policy behind the doctrine of *res judicata* is that there must be a finality of litigation. Where the claim is being raised in a subsequent suit, it is an attempt at a second bite at the apple and is barred.

Plaintiff further asserts that the parties agreed to reserve the claims of *Callery II*. In *Yapp v. Excel, Corp.*,[22] the Tenth Circuit briefly addressed this exception. *Yapp* involved a situation similar to this action where the plaintiff filed two separate suits against the same party and a settlement was reached in the first suit. The district court dismissed the second suit on summary judgment under claim preclusion and the Tenth Circuit affirmed, finding that the settlement agreement did not expressly reserve the right to try the claims of the second action.[23] As in *Yapp*, the Court finds that Plaintiff has not presented adequate evidence for the Court to reach the conclusion that the parties had the intention to reserve the claims of *Callery II*. Plaintiff had two agreements in which to ensure that the claims were expressly reserved, but failed to do so.

---

[22] 186 F.3d 1222.

[23] *Id.* at 1229-30.

### III.  CONCLUSION

Based upon the above, it is therefore

    ORDERED the Defendant United States Life Insurance Company in the City of New York's Motion to Dismiss (Docket No. 36) is GRANTED.

    DATED this 30th day of March 2006.

                BY THE COURT:

                _____
                TED STEWART
                United States District Judge